MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
150 Broadway, Suite 808
New York, NY 10038
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DEVON SEALES,

    Plaintiff,

v.

THE CITY OF NEW YORK AND Police Officer VASILE DUBOVICI (Tax#944191),

    Defendants.

Complaint

JURY TRIAL DEMANDED

Civ. No.:

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343.

4. Venue is proper in the district pursuant to 28 U.S.C. §§1391 (b) and (c).

1

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Devon Seales ("Plaintiff" or "Mr. Seales") is a 25 year old Trinidadian man and he resides in the County of Kings, City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD a department or agency of the defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendant herein.

8. Defendant VASILE DUBOVICI is a member of the New York City Police Department ("NYPD") who was employed by the NYPD on October 3, 2012. Defendant VASILE DUBOVICI was acting under color of state law in his capacity of an agent, servant and employee of defendant City of New York and the NYPD.

9. Defendant VASILE DUBOVICI is sued in both his individual and official capacity.

## STATEMENT OF FACTS

10. On or about 6PM on October 3, 2012, Plaintiff was lawfully present on President Street, between Franklin Avenue and Classon Avenue; County of Kings, City and State of New York.

11. At the aforementioned time and place, Plaintiff was inside of the van he had been driving, which was lawfully parked, and Plaintiff was talking to some friends who were lawfully present on the sidewalk.

2

12. Suddenly, numerous NYPD cars arrived on the scene and NYPD Officers stated to Plaintiff and his friends, in sum and substance that they (the NYPD Officers), "smelled liquor on their (Plaintiff and his friends') breath," and the NYPD Officers also demanded to know, "what they (Plaintiff and his friends) were doing there."

13. Defendant NYPD Officer VASILE DUBOVICI then ordered Plaintiff to exit the van he was in.

14. Plaintiff asked Defendant NYPD Officer VASILE DUBOVICI why he was being ordered to exit the van, and in response, Defendant NYPD Officer VASILE DUBOVICI stated, "just get out."

15. Once Plaintiff exited the van in compliance with Defendant NYPD Officer VASILE DUBOVICI's order, Defendant NYPD Officer VASILE DUBOVICI handcuffed Plaintiff in excessively tight handcuffs, and placed him under arrest.

16. Defendant NYPD Officer VASILE DUBOVICI refused to inform Plaintiff as to the reason for his arrest.

17. Defendant NYPD Officer VASILE DUBOVICI knew that Plaintiff had done absolutely nothing wrong and had not engaged in any illegal or criminal activity, but falsely arrested Plaintiff anyway. Defendant NYPD Officer VASILE DUBOVICI never observed Plaintiff engage in any illegal activity to justify his arrest. Defendant NYPD Officer VASILE DUBOVICI so subjected Plaintiff solely to enhance his arrest record.

18. Plaintiff was then transported to the 71st Precinct, where he was fingerprinted, photographed and processed.

19. After spending approximately five hours at the 71st Precinct, Plaintiff was released and given a Desk Appearance Ticket, instructing him to appear in Criminal Court on November 5, 2012.

20. Plaintiff's Desk Appearance Ticket listed the "Top Offense Charged" as LOC 000.00 OV.

21. On November 5, 2012, Plaintiff appeared in Criminal Court and was told by the Court Officer in the DAT Part that his paperwork was "not ready," and to report to the 2nd floor of the courthouse. Plaintiff so reported and then left.

22. By letter dated March 1, 2013, Plaintiff received notification from the Kings County District Attorney's Office that "a prosecution arising out of this arrest has been declined."

23. Plaintiff suffered damages as a result of defendant's actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation and damage to his reputation.

## FIRST CLAIM
### *FALSE ARREST/FALSE IMPRISONMENT*

24. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendant VASILE DUBOVICI knew that there was no reasonable expectation of a successful prosecution against the Plaintiff.

26. Plaintiff was aware of his confinement and did not consent.

27. Plaintiff was not free to leave while detained and arrested by Defendant VASILE DUBOVICI.

28. Defendant VASILE DUBOVICI violated the Fourth and Fourteenth Amendments because he arrested Plaintiff without probable cause and caused Plaintiff to be deprived of his liberty and freedom.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
*Unlawful Stop and Search*

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendant VASILE DUBOVICI violated the Fourth and Fourteenth Amendments because he stopped and searched Plaintiff without reasonable suspicion and without even arguable probable cause to believe that Plaintiff had engaged in, or was about to engage in criminal activity.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
*FAILURE TO INTERVENE*

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendant VASILE DUBOVICI had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights, but the failed to intervene.

35. Accordingly, defendant VASILE DUBOVICI is liable to the Plaintiff under the Constitution for not intervening to prevent the violation of his rights.

## FOURTH CLAIM

## *1983 "MONELL" CLAIM*

36. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth herein.

37. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK to tolerate, condone and encourage constitutional violations, such as those alleged by Plaintiff above, by failing to properly punish, charge, reprimand and investigate allegations and incidents of police misconduct.

38. Employees of the THE CITY OF NEW YORK such as the individual defendant in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

39. Employees of the CITY OF NEW YORK such as the individual defendant in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and further that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

40. By failing to supervise, train and reprimand such Police Officers, THE CITY OF NEW YORK caused the injury to Plaintiff through the actions and inactions of the individual defendant.

41. By maintaining a *de facto* policy of automatic indemnification, THE CITY OF NEW YORK caused the injuries to Plaintiff through the actions and inactions of the individual defendant.

42. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK to authorize and permit certain police officers, including the individual defendant to cause the search and seizure of the person of Plaintiff despite the lack of a warrant; despite the lack of even arguable probable cause and despite any cognizable legal justification.

43. Upon information and belief, this custom, policy and practice of THE CITY OF NEW YORK encouraged and caused the constitutional violations by Police Officer Vasile Dubovici, who was/is employed by THE CITY OF NEW YORK, including the violations of Plaintiff's constitutional rights by the individual defendant.

44. THE CITY OF NEW YORK'S failure to take action against its police officers involved in this incident and in other countless similar incidents was, and continues to be, part of a custom, practice and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

45. As the authorized representative of the defendant, THE CITY OF NEW YORK, the officer's conduct of illegal arrests, searches and seizures of arrestees, such as the Plaintiff, constitutes a custom, policy and practice which renders the defendant, THE CITY OF NEW YORK, liable to Plaintiff as a "Person" acting under the color of state law.

46. These customs, policies and practices were enforced by the defendant, VASILE DUBOVICI, and were the moving force, proximate cause and affirmative link behind the conduct causing Plaintiff's injuries.

47. THE CITY OF NEW YORK is therefore liable for violations of Plaintiff's constitutional rights as caused by defendant, VASILE DUBOVICI, as described in more detail in the foregoing paragraphs of the Complaint; and the Plaintiff has suffered damages therefrom.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. §1988; and

d. Such other relief as this Court shall deem just and proper.

Dated: March 7, 2013
New York, NY

s/ _____
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
150 Broadway, Suite 808
New York, NY 10038
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)